FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 09 2023 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONEAL BARNES

                     Plaintiff,

-against-

THE CITY OF NEW YORK (CITY); THE NEW
YORK CITY POLICE DEPARTMENT (NYPD);
Individually and in his official capacity as then
NEW YORK CITY POLICE OFFICER –
POLICE OFFICER JERRY BOWENS,
SH# 24698,

                     Defendants.
------------------------------------------------------------X

**ECF CASE**

**TRIAL BY JURY DEMANDED**

CIVIL NO.

CV 23-1070 

DONNELLY, J.
POLLAK, M.J.

Plaintiff DONEAL BARNES by and through his attorney. Rudy Velez, Esq., respectfully shows to this court and alleges, as follows:

## INTRODUCTION

1. This is a civil rights action in which the plaintiff, DONEAL BARNES seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983 and the Fourth and fourteenth Amendments of the New York State Constitution and Constitution of the United States.

2. Plaintiff seeks money damages, attorney's fees and such further relief as this Court deems just and proper.

3. This action has been commenced within three years after plaintiff's claim arose by reason of the termination of the criminal prosecution in favor of the plaintiff.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

5. Jurisdiction is founded upon 28 U.S.C. §1331,1343 (1-4) and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## JURY DEMAND

7. Plaintiff demands trial by jury in this action.

## PARTIES

8. Plaintiff DONEAL BARNES (BARNES) is an American Citizen residing in Brooklyn, New York.

9. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officer named as a defendant I this action.

10. Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

11. At all times relevant herein, defendant POLICE OFFICER BOWENS (P.O. BOWENS) SH#24698 was a Police Officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of the law; to wit under color of statues, ordinances, regulations, policies, customs and usages of the CITY and/or the Police Department.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

12. On February 12, 2004, at approximately 7:10 pm in the vicinity of 3163 Bayview Avenue, County of Kings, New York, BARNES was present at that date, time and location, which is the building where his girlfriend lived at that time.

13. BARNES knocked on his girlfriend's door, but was told she was at the store.

14. BARNES left and proceeded to exit the building through the lobby of the building. At that time P.O. BOWENS came into the building.

15. P.O. BOWENS confronted BARNES and threw BARNES against a wall. P.O. BOWENS had no articulable suspicion that a crime had been committed by BARNES.

16. P.O. BOWENS claimed BARNES was in possession of a quantity of crack cocaine weighting in excess of 500 milligrams in that P.O. BOWENS claimed he observed Barnes throw the drugs to the ground.

17. P.O. BOWENS also claimed that BARNES refused to be handcuffed when P.O. BOWENS attempted to arrest BARNES.

18. P.O. BOWENS arrested BARNES and swore out and signed a Felony Complaint charging BARNES with criminal possession of a controlled substance in the fifth degree (a class D felony), criminal possession of a

control substance in the seventh degree (a class A misdemeanor) and resisting arrest (class A misdemeanor).

19. At no time did BARNES throw any crack cocaine to the ground nor did he possess any controlled substance.

20. P.O. BOWENS arrested BARNES with no probable cause to do so.

21. P.O. BOWENS misrepresented and lied about the facts in order for the district attorney's office to secure an indictment.

22. As a result of the false evidence provided by P.O. BOWENS, BARNES was forced under threat of issuance of a warrant to defend against the false charges.

23. BARNES pled guilty to attempted criminal possession of a controlled substance in the fifth degree, a class E felony.

24. BARNES had a prior felony at this time and in order to avoid a greater sentence pled guilty. On February 16, 2005 BARNES was sentenced to an indeterminate term of imprisonment of 1.5 to 3 years.

25. While assigned to the Brooklyn South Narcotics Division P.O. BOWENS supplied drugs to an informant in exchanged for information.

26. On January 18, 2008, P.O. BOWENS was arrested on charges of corruption, falsifying business records and other police misconduct related cases.

27. In 2009, while P.O. BOWENS' criminal case was pending, he shot and killed his ex-girlfriend. P.O. BOWENS was sentenced to 40 years to life in prison for murdering Catherine D'Onofrio and shooting Melissa Simmons (who survived).

28. On or about November 4, 2022, BARNES'S criminal Court Counsel moved to vacate BARNES'S conviction pursuant to a writ of error coram nobis. The district attorney's office for the County of Kings consented to BARNES'S petition for a writ of error coram nobis.

29. The Supreme Court of the State of New York, County of Kings ordered that BARNES'S judgement of conviction be vacated on November 4, 2022. In addition, on this same date, it was further ordered that BARNES'S indictment be dismissed with prejudice.

## CAUSES OF ACTION
### Count I

### 42 U.S.C. § 1981, 1983 Fourth and Fourteenth

### Violations: Malicious Prosecution

30. The plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs as if fully set forth herein.

31. On or about February 12, 2004 the defendants initiated a criminal proceeding against the plaintiff by misrepresenting and falsifying evidence in criminal court brought by and signed by then P.O. BOWENS. P.O. BOWENS continued his lies in the grand jury in order to secure an indictment.

32. P.O. BOWENS was the primary witness and there was no other independent evidence to support his claims.

33. Plaintiff states that then P.O. BOWENS did not make a complete and full statement of facts. P.O. BOWENS misrepresented and falsified evidence that created a falsehood in signing the felony complaint and P.O. BOWEN'S lies were material for a finding of probable cause.

34. In commencing and continuing the prosecution of plaintiff, defendants caused plaintiff to be falsely charged with acts in violation of the Penal law of the State of New York.

35. Plaintiff had not given defendant CITY, its agents, servants or employees, including then P.O. BOWENS, probable cause to believe that plaintiff had committed the falsely charged illegal acts.

36. The defendants acted with malice because then P.O. BOWENS did not arrest plaintiff with a desire to see the ends of justice served but rather with a false motive of planting evidence.

37. As a result of the false evidence provided by defendants, plaintiff was forced under threat of issuance of a warrant to defend against false charges.

38. Plaintiff ultimately was deprived of his liberty by serving three years incarceration.

39. The conduct of the defendants was the direct and proximate cause of plaintiff's loss of liberty for three years and violated plaintiff's statutory rights guaranteed by the laws and Constitution of the State of New York and the United States.

40. On November 4, 2022, plaintiff's conviction was vacated and the indictment dismissed with prejudice pursuant to an order of the Supreme Court, of the State of New York.

## COUNT TWO FOR RELIEF

## 42 U.S.C.§1981, 1983 AND THE FOURTH AMENDMENT VIOLATIONS FOR FALSE ARREST

41. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "40" of the complaint as if fully set forth herein.

42. On or about February 12, 2004 in the County of Kings, New York, BARNES was unlawfully detained, arrested, imprisoned by agents, servants and/or employees of defendant, CITY including P.O. BOWENS.

43. That the aforesaid and imprisonment was malicious, unlawful, and not based upon a warrant, probable cause, and or any justification, and was therefore a false arrest and imprisonment.

44. That defendant CITY, through its agents, servants and/or employees, including police defendants, P.O. BOWENS acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of BARNES.

45. At the time of BARNES'S unlawful arrest and imprisonment, the defendants, knew or should have known, through the exercise of proper procedure and reasonable investigation, that the aforementioned arrest and imprisonment were false and without probable cause.

46. That the aforesaid arrest and imprisonment was made with knowledge of and/or reckless disregard of the material falseness of the criminal complaint.

47. The aforesaid false arrest and imprisonment caused BARNES to suffer severe physical injuries, emotional and psychological distress, anguish, anxiety, fear, humiliation and loss of freedom.

48. By reason of the foregoing, the defendants became liable to BARNES in a sum of money which exceeds the jurisdiction limits of all courts of lesser jurisdiction.

## COUNT THREE

## MUNICIPAL LIABILITY FOR

## CONSTITUTIONAL VIOLATIONS: MONELL CLAIM

49. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs "1"-"48" of this complaint.

50. Prior to February 12, 2004, defendant CITY developed and maintained polices and customs which caused the deprivation of plaintiff's Constitutional rights.

51. Prior to February 12, 2004, the responsible policy making officials of defendant CITY knew, or in the exercise of reasonable care should have known, that individual police officers of the CITY had engaged in a pattern and practice of illegal and unconstitutional conduct, including performing false arrests, malicious prosecutions and unconstitutional searches on arrestees. Specifically, defendant CITY knew or should have known that defendant P.O. BOWENS and other Brooklyn police officers had falsely arrested and/or unlawfully searched numerous other people, often resulting in tainted prosecutions.

52. Despite knowledge of the aforesaid, pattern and practice, defendant CITY failed to properly investigate this conduct, and failed to supervise, train and discipline the officers of the New York City Police Department.

53. Defendant CITY adopted a "hands off" policy of custom with regard to such illegal and unconstitutional acts committed by police officers, which encouraged the individual defendants in this case to believe that they could violate the constitutional rights of the plaintiff with impunity and with the explicit or tacit approval of defendant CITY, in violation of 42 U.S.C. §1983.

54. As a result of the foregoing, plaintiff sustained the damages and injuries previously described, and seeks compensatory damages from the City of New York.

## **DAMAGES**

55. As a direct and proximate result of the said acts of the defendant, DONEAL BARNES suffered the following injuries and damages:

    a. Violation of his rights under the Fourth and Fourteenth Amendments to the Constitution:

    b. Loss of physical liberty due to incarceration:

    c. Further restriction on their liberty due to forced court appearances;

    d. Humiliation, embarrassment, and injury to reputation;

    e. Extreme emotional distress;

   f. Severe disruption of family.

WHEREFORE, plaintiff requests the following relief as against all of the defendants:

1. Award compensatory damages in an amount to be determined by the Court

2. Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action;

3. For such other and further relief as to this Court may deem just and proper.

*[signature: Rudy Velez]*

RUDY VELEZ / RV7160
930 Grand Concourse suite 1A
Bronx, New York 10451
(917) 674-0510
rvesq@yahoo.com
*Torres offices@gmail.com* *(handwritten)*

Dated: January 31, 2023
Bronx, New York